## Commonwealth *v.* Altland et al., Appellants.

*Criminal law—Conspiracy — Concealment of property — Fraud upon creditors—Acquittal on former trial—Evidence—Competency —Sufficiency.*

Upon the indictment and trial of three defendants, charged with conspiracy to defraud the creditors of one of them, it is competent for the Commonwealth to show that the defendants did secrete goods belonging to the debtor in the stationhouse of an abandoned railroad.

Where the particular defendant, whose goods were so secreted, has been previously acquitted upon an indictment and trial, wherein he was charged with having secreted his goods, the acquittal is conclusive as to his participation in that act, and he cannot be convicted of conspiracy to defraud his creditors upon evidence tending to show that he was present and taking part in the secretion and concealment of his property.

The fact that one of three defendants, charged with conspiracy to conceal his goods, has been acquitted of participation in the actual concealment, has no bearing upon the trial of the other two for conspiracy.

A declaration of one of the defendants that he had aided in removal of the goods is admissible evidence against him where it does not relate to any other person.

Argued March 15, 1922.    Appeals, Nos. 64, 65 and 66, Oct. T., 1922, by defendants, from judgment of Q. S. Lancaster Co., Nov. T., 1920, No. 47, on verdict of guilty, in the case of Commonwealth of Pennsylvania v. Charles F. Altland, J. H. Altland and Charles W. Altland. Before Orlady, P. J., Porter, Henderson, Keller and Linn, JJ.    Affirmed as to the first and last named defendants.    Reversed as to the second defendant.

Indictment for conspiracy.    Before Landis, P. J.

From the record it appeared that J. H. Altland, a merchant, was heavily involved with his creditors, and that the other defendants were acquainted with that fact. Merchandise, such as was sold by J. H Altland and

some of which was identified as having been in his store, was found in an abandoned railroad station, and there was testimony tending to show that the defendants had placed it there. Upon a former trial J. H. Altland had been acquitted of the charge of secreting and concealing his property in the railroad station.

There was testimony that Charles F. Altland had told a witness that he "aided in removing" the goods. The admission of that testimony was the subject of the third assignment of error.

Verdict of guilty, upon which judgment of sentence was passed. Defendants appealed.

*Errors assigned* were various rulings on evidence, and upon points submitted for charge.

*John E. Malone,* and with him *H. Frank Eshleman* and *L. R. Geisenberger,* for appellants.—A former jury having acquitted one of the defendants, the matter was as to him res adjudicata, and proof of that fact should have been received: Com. v. Greevy, 75 Pa. Superior Ct. 116; 271 Pa. 95.

The declarations of a conspirator are evidence against himself and his associates when made during the performance of the fraudulent transaction which constitute the crime, but not when made afterwards to a third party: Com. v. Zuern, 16 Pa. Superior Ct. 588; Heine v. Com., 91 Pa. 145; Marshall v. Faddis, 199 Pa. 397.

*F. Lyman Windolph,* and with him *H. Edgar Shertz* and *W. C. Rehm,* District Attorney, for appellee.—Acquittal of one of the defendants upon the previous indictment for commission of an overt act tending to show a conspiracy was properly not permitted to be introduced in evidence: Wilson v. Com., 96 Pa. 56; Com. v. Brown, 23 Pa. Superior Ct. 470; Com. v. Stambaugh, 22 Pa. Superior Ct. 386.

When evidence has been given to establish a conspiracy to defraud, the declarations of either party to it, although not made in the presence of the other, may afterwards be given in evidence: Weil Bros. & Co. v. Cohn, 4 Pa. Superior Ct. 443; McKee v. Gilchrist, 3 Watts 230; Com. v. Bingle, 62 Pa. Superior Ct. 105.

OPINION BY PORTER, J., July 13, 1922:

We have here appeals by the defendants, respectively, from their conviction in the court below upon an indictment in which they were jointly charged with conspiracy to cheat and defraud Aaron F. Altland, Reilly Bros. and Raub and others. The defendants were jointly tried in the court below and their several appeals may properly be disposed of by one opinion. John H. Altland was the keeper of a general store and had become involved in debts to an amount which exceeded the value of his property. He was, in September, 1921, tried in the court below upon an indictment charging him with having unlawfully secreted, assigned, conveyed and disposed of his property with intent to defraud his creditors and to prevent such property from being made liable for the payment of his debts, which trial resulted in his acquittal. There was at the same time pending the indictment, from the result of the trial of which we have the present appeals, and which was tried in November, 1921. Under the evidence produced by the Commonwealth the ownership of certain goods which were found in the stationhouse of an abandoned railroad at Goshen and the manner in which those goods found their way to that place became material, if not controlling, questions as to the guilt or innocence of these several defendants. The unlawful act which the Commonwealth sought to establish by evidence that the defendants had conspired to do was to defraud the persons named in the indictment, as creditors of John H. Altland, and that the way which they had adopted to effect that end was to remove and secrete his property, and thus prevent his creditors real-

izing their claims out of it. The question which arose, under the evidence, was thus submitted to the jury by the learned trial judge: "If you believe, from the evidence, that the goods belonged to J. H. Altland, and that the three defendants conspired together, and, by reason thereof, they were taken to the Goshen station house to defraud the creditors of J. H. Altland, then you may convict them, or any two of them, of the offense charged in the indictment." The fact that John H. Altland had been acquitted upon the indictment charging that he had unlawfully secreted, assigned, conveyed and disposed of his property, with intent to defraud his creditors, renders it necessary to consider separately the assignments of error which have relation to his appeal.

It is not necessary in order to render the offense of conspiracy complete that any overt act should be done in pursuance of the unlawful agreement, or that any one should be aggrieved or defrauded in consequence thereof; Com. v. Richardson, 42 Pa. Superior Ct. 337, which was affirmed by the Supreme Court on the opinion of President Judge RICE. The acquittal of John H. Altland determined the fact that he had no part in the actual secreting of his goods and every other fact necessarily found in reaching the conclusion as to that ultimate fact: Altenburg v. Com., 126 Pa. 602. That verdict did not, however, determine that he had not conspired to do so, for, as shown by the authority above cited, he might be guilty of conspiracy although no act was done in pursuance of the unlawful combination. His acquittal upon the former indictment could not be effective, as a bar to the present prosecution, and we do not understand the learned counsel for the appellant to so contend, nor is the question raised by the specifications of error. Whether that record was competent evidence, under the facts developed by the testimony of the Commonwealth, is an entirely different question, which is properly raised by the first assignment of error. While it is not necessary, in conspiracy, to prove that any overt act has been

committed, the acts of each of the parties charged, with regard to the subject-matter thereof, are evidence against that particular defendant. It is not necessary to prove that all the parties had met to conceive the scheme, nor to prove by whom it was originated: Roscoe's Criminal Evidence, 415. The Commonwealth must in nearly all cases rely upon evidence establishing that two or more persons pursue by their acts the same object, often by the same means, one performing one part of an act, the other another part of the same act, with a view to complete it, and to attain the object which they are pursuing; the acts of each must necessarily be proved separately, and such acts are evidence against that particular defendant. The fact that a conspiracy exists may be inferred by the jury, from the fact that the acts of the several parties are manifestly done in pursuance of an unlawful combination: Com. v. Sanderson, 40 Pa. Superior Ct. 416; Com. v. Snyder, 40 Pa. Superior Ct. 485. The Commonwealth, in the present case, sought to establish the guilt of J. H. Altland in this very manner and was compelled to rely chiefly upon the testimony of a witness that he had been present when the goods in question were secreted in the station house at Goshen and that John H. Altland was there present taking part in the proceeding. The jury was to be asked to infer that he was guilty of conspiracy, because of the fact that he had actually taken part in concealing the goods. This evidence was material, and it was certainly competent for the defendant to contradict it. The verdict of the jury at the trial upon the first indictment conclusively determined that John H. Altland had not taken part in concealing the goods in the Goshen station, and the record of that acquittal was competent evidence. The first specification of error is sustained. The only evidence offered by the Commonwealth tending to establish that John H. Altland had been guilty of conspiracy was that which related to his actual participation in secreting the goods in Goshen station. The Commonwealth having elected to first try

him upon the charge that he had actually taken part in the secreting of those goods is bound by the result of that trial. Unless, upon another trial, the Commonwealth shall produce other evidence tending to establish that he had been guilty of a conspiracy he will be entitled to an acquittal upon that charge.

The declarations of Charles F. Altland were admissible in evidence against himself and the evidence embraced by the third specification of error did not relate to any other person. That specification is, therefore, overruled. The finding of the former jury that John H. Altland did not participate in the actual concealment of the goods had no bearing upon the question whether the other defendants had been guilty of the conspiracy charged. The evidence was sufficient to warrant a finding that Charles F. Atland and C. W. Altland had been parties to the conspiracy charged in the indictment and the specifications of error which relate to their respective appeals are dismissed.

The appeal of Charles F. Altland is dismissed and the judgment affirmed and it is ordered that he appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time his appeal was made a supersedeas.

The appeal of C. W. Altland is dismissed and the judgment is affirmed and it is ordered that he appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time his appeal was made a supersedeas. The judgment against John H. Altland is reversed and a venire facias de novo awarded.