the Bronx, owned by defendant real estate corporation as landlord. It is claimed that in the early hours of the morning of November 23, 1930, she was awakened from her sleep by the presence of coal gas in the room which arose from alleged defects in a boiler or heater located in the basement under this apartment; that such defect and the presence of such coal gas in the room were due to the negligence of both defendants, as a result of which plaintiff was injured. Judgment affirmed, with costs. No opinion. Present — Martin, P. J., McAvoy, O'Malley, Townley and Glennon, JJ.; Martin, P. J., dissents.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSE BUSTAMANTE, Appellant.— Defendant was indicted for burglary in the third degree. It was charged that on May 10, 1935, he unlawfully entered a dwelling house with intent to commit a larceny. He pleaded not guilty, and thereafter withdrew said plea and pleaded guilty of unlawfully entering building. (Penal Law, § 405.) He was sentenced to the New York County Penitentiary. The appeal is on the ground that the sentence was excessive. Judgment unanimously affirmed. No opinion. Present — Martin, P. J., McAvoy, O'Malley, Townley and Glennon, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAM FADEN, Appellant. (Appeal No. 1. Information Docket No. 13336.) — Defendant was convicted on two counts. The first count in the information charged him with violation of section 340 of the Banking Law (engaging in the business of lending money without a license). The second count charged him with violation of section 357 of the Banking Law (usury). Judgment affirmed. No opinion. Present — Martin, P. J., McAvoy, O'Malley, Townley and Glennon, JJ.; Townley and Glennon, JJ., dissent from the affirmance of the conviction on the second count in the information on the ground that the charge therein contained was necessarily embraced in the first count, wherein the defendant was accused of violating section 340 of the Banking Law. The charge in the first count covered a period from " on or about the 1st day of November, 1933, to on or about the 28th day of October, 1935," and was, in substance, that defendant, without a license, engaged in the business of making loans of money in the amount of $300 or less upon usurious rates of interest. Since a necessary and basic element of the crime, which constitutes a violation of section 340, is usury, specific instances of illegal transactions which would tend to establish the act of doing business in a prohibited manner during the same period should not have been made the basis of further charges.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAM FADEN, Appellant. (Appeal No. 2. Information Docket No. 13499.) — Judgment convicting defendant of the crime of usury (Banking Law, § 357) unanimously reversed and the information dismissed, on the ground that the evidence is insufficient to establish the commission of the crime charged. Present — Martin, P. J., McAvoy, O'Malley, Townley and Glennon, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAM FADEN, Appellant. (Appeal No. 3. Information Docket No. 13497.) — Judgment convicting defendant of usury (Banking Law, § 357) affirmed. No opinion. Present — Martin, P. J., McAvoy, O'Malley, Townley and Glennon, JJ.; Townley and Glennon, JJ., dissent for the reasons stated in Appeal No. 1 (ante, p. 777).

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAM FADEN, Known as SAM FAGAN, Appellant. (Appeal No. 4. Information Docket No. 13337.) — Judgment convicting defendant of the crime of usury (Banking Law, § 357)