THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ABE VAPNITSKY, Appellant. (Appeal No. 1. Information No. 13400.)

Judgments affirmed. No opinion.

Present — Martin, P. J., McAvoy, O'Malley, Glennon and Cohn, JJ.; Glennon and Cohn, JJ., dissent and vote to reverse and dismiss the informations.

COHN, J. (dissenting). Defendant has been convicted of a violation of section 357 of the Banking Law, in that on October 7, 1935, he loaned the sum of ten dollars to one Samuel Cohen at a rate of interest in excess of six per cent, not being licensed as provided by statute, for which offense he was sentenced to serve one year in the penitentiary. From the judgment of conviction this appeal is taken. This sentence was imposed following the trial and conviction of defendant by the same court and the same bench, for engaging, as charged in another infor-

mation, in the business of making loans in violation of section 340 of the Banking Law, in amounts of less than $300 at rates of interest in excess of six per cent per annum without a license therefor, during the period from January 1, 1935, to October 25, 1935. (*People* v. *Vapnitsky, No. 1, ante,* p. 552.) The court's sentence upon that charge was also for one year in prison.

The conviction of defendant for making, while unlicensed, a loan to an individual at an unlawful rate of interest, on October 7, 1935, in violation of section 357 of the Banking Law, was clearly embraced within the crime of engaging, without a license, in the business of making unlawful loans during the period from January 1, 1935, to October 25, 1935, in violation of section 340 of the same act. The single loan made on October 7, 1935, was a constituent part of the one continuous offense of conducting the business of making unlawful loans between January 1, 1935, and October 25, 1935, and the conviction for the latter offense bars any further prosecution for any separate loan made during the specified period. The judgment appealed from was accordingly erroneous.

The conviction and sentence of this defendant upon two additional informations (*People* v. *Vapnitsky, No. 3* and *No. 4*) one for a usurious loan made on July 10, 1935, and another for one made on October 21, 1935, for each of which defendant received a sentence of imprisonment for one year, making four years in all as the sentences are to be served consecutively, were also improper. Manifestly the legislative intent was not to permit prosecutions and punishment for each separate unlawful loan made during the period of time which formed the basis for a conviction for unlawfully engaging in the business of making such usurious loans. (*Ex Parte Nielsen,* 131 U. S. 176; *Matter of Snow,* 120 id. 274; *State* v. *Nutt,* 28 Vt. 598; *United States* v. *Weiss,* 293 Fed. 992, 994; *Altenburg* v. *Com.,* 126 Penn. St. 602; 17 A. 799; *Crepps* v. *Durden,* 2 Cowp. 640. Cf. also dissenting memorandum *People* v. *Faden,* 247 App. Div. 777, decided by this court on March 20, 1936.)

For the foregoing reasons the judgments of conviction should be reversed and the informations should be dismissed.

Glennon, J., concurs.