## UNITED STATES v. ONE NASH SEDAN AUTOMOBILE et al.

District Court, D. Idaho, S. D. September 27, 1928.

No. 1346.

H. E. Ray, U. S. Atty., of Boise, Idaho. Martin & Martin, of Boise, Idaho, for intervener.

CAVANAH, District Judge. The United States brings this libel under section 3450 of the Revised Statutes (26 USCA §§ 1181, 1182) to forfeit a Nash sedan, upon the ground that it had been used in the removal, disposing, and concealment of intoxicating liquor, with intent to defraud the government of the tax thereon. The Commercial Credit Company intervened, and asserted that it was the owner of the car, and that it had no knowledge that the car was used or intended to be used in violation of law. A jury trial was waived by both parties, and the case submitted upon a stipulation of facts. In order to clearly understand the one question submitted for decision, it becomes necessary to recite at length the facts as disclosed by the record:

On December 13, 1927, at about 6 p. m., one Grant A. Smart, being in possession of the car in question, drove it through the streets of Boise into a garage, situated in the city, in which car there was contained, among other things, a keg of moonshine whisky; that no revenue tax had been paid thereon, and that none of the parties had any knowledge as to where Smart obtained the whisky. Within a few moments after the car was driven into the garage, and while it remained there, two persons drove up to the garage in a small automobile, and Smart came out of the garage, to where the car was standing, with a package, and delivered it to them, and they then drove away in their small automobile. It seems that two prohibition agents had, prior to the time Smart arrived at the garage, been advised that the Nash car would be driven up to the garage by Smart, and that they stationed themselves about a block from the garage, in full view thereof, and witnessed the acts of Smart. Immediately after the small automobile went away, the prohibition agents went to the garage, arrested Smart, and took possession of the Nash car, after searching it and finding therein the keg of whisky. Thereafter an information was filed in this court, charging Smart only with the illegal possession of whisky under the National Prohibition Act, to which charge he entered a plea of guilty, resulting in the imposition of a fine of $150.

Smart, on August 12, 1927, purchased the car under a conditional sale contract from the Boise Motor Car Company, who, at the same time and for a valuable consideration, assigned the contract and all its rights thereunder to the intervener, and by the terms of the contract the title to the car was to remain in the company until it was paid for in full, and that there was a balance due on the contract of $720.75. Neither the intervener nor any of its agents had any knowledge that Smart intended to use or was using the car for the

purpose of concealing or transporting whisky.

Intervener insists that, as Smart's conviction on the charge of such possession required the disposition of the car under the provisions of section 26 of title 2 of the National Prohibition Act (27 USCA § 40), that section governs the disposition of the car. This contention presents a difficult question for decision, and must be determined upon the particular state of facts in each case, after recognizing the now settled principle announced recently by the Supreme Court in the case of Commercial Credit Co. v. United States, decided February 20, 1928, 48 S. Ct. 232, 72 L. Ed. 541, wherein the court held that section 26, when "read in its entirety, governs the disposition of the car where the person in charge of the vehicle is convicted of the unlawful possession incidental to the transportation, as well as where he is convicted of the unlawful transportation itself." The court there further holds that section 26 becomes mandatory, in such sense as to furnish an exclusive remedy for the forfeiture of the car.

The facts upon which the conclusion was reached by the Supreme Court in that case were that Campbell, the person in charge of the car, was discovered in the act of backing it out of the alley in the rear of his house, and the customs inspector stopped and searched it and found therein whisky. The car there was in motion when the inspector stopped it and found the liquor, and no difficulty was there had in determining that the whisky was actually being transported in the car, which brought the case clearly under the principle announced by the court. But here we are confronted with a statement of facts which does not show that the car was in motion at the time the whisky was found in it; nor was the whisky, at the time it was so found, being actually transported, for, after the liquor was carried in the car through the streets of the city, the car, with the liquor in it, was driven by the person in charge into the garage and there stopped, and not until the two other persons drove up in another car, and after Smart had taken from his car a package and delivered it to the persons, did the government agents search the car and find the whisky therein.

It is earnestly urged by intervener that, at the time the government agents found the whisky in the garage, it was such a possession as was incidental to the transportation of the whisky into the garage, and therefore the case comes under the above decision of the Supreme Court. The facts in the present case are distinguishable from the facts in that case, as there, when the whisky was found in the possession of Campbell in the car, the car was actually in motion and transporting the whisky, while here the car had ceased moving, and had been driven into a garage, and there stopped and reached its destination, and Smart was delivering a package from it to others.

To contend that, because the whisky was transported in the car through the streets of the city prior to the time it reached the garage, the possession of it when found in the car in the garage was incidental to its transportation, would require a conclusion in each case that, because the car had transported whisky before it had reached its destination, such possession would be incidental to the transportation, regardless of the length of time after it had reached its destination. I think the test is that the transportation of the whisky ceased at the time it was found in the possession of the person charged, and not in retaining possession in the car after transportation had taken place, as the car had reached its destination. The facts here do not show that Smart had driven into the garage and there stopped for repairs, or was in the act of continuing his journey, but, on the contrary, the court is forced to the conclusion, under the facts, that he had reached his destination, as he had removed from the car a package and delivered it to others, which goes to show that he was unloading the car at the place where he intended to stop. The possession of the whisky was not, at the time it was found in the car by the government agents, dependent upon the act of transportation occurring prior thereto.

Under the particular facts in this case, the unlawful possession of the whisky was not incidental to the transportation of it, and therefore the libel was properly brought under section 3450, and decree of forfeiture will be entered.