## UNITED STATES v. ONE BUICK AUTOMOBILE.

## SAME v. ONE GRAHAM TRUCK.

District Court, S. D. Georgia.  April 12, 1929.

Chas. L. Redding, U. S. Atty., of Savannah, Ga.

Shelby Myrick, of Savannah, Ga., for defendants.

BARRETT, District Judge.  The facts in the above cases are set forth in an agreed statement as follows:

In the Cook Case: "Federal prohibition officers discovered the Buick automobile in front of the home of one Davis. The automobile was standing still. It contained fifty gallons of moonshine liquor. Cook, with another man was present and presumed to be in charge of the automobile. He had been previously convicted of possession of intoxicating liquors. The charge preferred against him was second possession of intoxicating liquors, of which he was convicted, the liquors involved being the same as captured in the automobile. When the officers arrived on the scene Cook was attempting to crank his automobile, but did not get it started. No fact or circumstance justified a charge against him of transporting, unless his attempt to start the car is transportation. The tax on the intoxicating liquors concealed and deposited in

said Buick automobile has not been paid. The Buick automobile was seized in Bryan county, Georgia" and

In the Robert Walton Case: "Subsequent to the seizure of the above truck Robert Walton and others were indicted, tried and convicted for violation of the Tariff Act and conspiracy to violate same. At the time of the seizure of the truck it was on the premises of one Windham, where a quantity of liquor was found stored or concealed in a garage. The truck was standing still. In the bottom of the truck there was cardboard which bore the imprints of packages similar to the packages of liquor found. Each package of liquor contained six bottles wrapped in crocus bagging. On the sides of the truck were fragments of this crocus bagging. The truck had the fresh odor of whisky.

"On this state of facts, and these only, prohibition officers took possession of the truck. After taking possession of the truck the officers discovered a landing place on a creek where liquor had been unloaded from a boat and evidently transferred to a truck on which there were tires of the same size and design as those on the truck in question. Bottles and liquor labels were found at the landing place. The labels and bottles were the same kind as those found in the garage. When the case of Walton et al. was called for trial one Windham, in whose garage the liquor was found and in whose yard the truck was found, testified, on a motion to suppress evidence, that when he retired the night before (the truck was seized early in the morning) neither the truck nor the whisky were in his yard or garage. Walton and others were arrested in an automobile loaded with whisky as they drove into Windham's yard.

"The truck in question was described as a body built up high of solid boards. There was a tarpaulin in the truck. The testimony in the criminal case, which case was for violation of the Tariff Act and conspiracy to violate same, developed that the liquors were deposited in the truck at night and transported from the landing on a small creek several miles distant from Savannah to the garage in the rear of Windham's house, arriving there at night and removed from the truck to the garage at night. The landing place on the small creek was many miles from Windham's house. The liquors were done up in bags of crocus and each bottle was wrapped in a 'shuck.' The average citizen would not have recognized the liquor thus concealed had he seen same. The tax on the intoxicating liquors claimed to have been removed by and concealed and deposited in said truck has not

been paid. The Graham truck was seized in Chatham county, Georgia."

The two cases have been argued together. The urge of Cook is that, because he violated a section of the National Prohibition Act by reason of being guilty of a second possession of intoxicating liquor, the automobile cannot be condemned under section 3450, R. S. (title 26, § 1181, USCA). In the Walton Case it is urged that, because one of the overt acts set forth in the conspiracy indictment against Walton and others was the transportation of liquor in the truck involved therefore the truck could not be condemned under said section 3450.

■■ There is no apparent serious contention that the facts are not otherwise sufficient to justify the forfeiture of the car and truck under said section 3450. The sole question, therefore, is as to whether under the above facts the forfeiture proceedings must be under the National Prohibition Act and not under section 3450.

A sufficient test of the issue is: Could the automobile or the truck be forfeited under section 26 of title 2 of the National Prohibition Act (title 27, § 40, USCA)?

The right of forfeiture under such act cannot go beyond the statute, whose language is: "When the commissioner, his assistants, inspectors, or any officer of the law shall discover any person in the *act of transporting* (underlining ours) in violation of the law, intoxicating liquor," etc., it shall be his duty to seize the liquor and the vehicle and upon conviction of the person arrested destroy the liquor and sell the vehicle. An essential to the application of this section is that the person shall be discovered "in the act of transporting." It is not sufficient that the evidence shall disclose that there *had been transportation.* United States v. One Ford Coupé, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025; United States v. Hydes (D. C.) 267 F. 470; Ghisolfo v. United States (C. C. A.) 14 F.(2d) 389; United States v. One Nash Sedan (D. C.) 29 F.(2d) 1009.

The answer thus seems to be conclusive that there could not have been a forfeiture under the National Prohibition Act. It is only when there is a "prosecution with effect, under section 26, tit. 2, of the National Prohibition Act, of the driver of an automobile, for illegal possession and transportation of liquor therein," according to the opinion in Port Gardner Inv. Co. v. United States, 272 U. S. 564, 47 S. Ct. 165, 71 L. Ed. 412; or, as viewed by the concurring opinion, when a *proceeding has been instituted thereunder,*

that it is "mandatory to dispose of the vehicle as prescribed by that section, and precludes resort to forfeiture proceedings under Rev. Stats. § 3450."

This does not mean that, because the owner or possessor of the vehicle has been prosecuted for the violation of some other section of the National Prohibition Act, the vehicle which has offended against the principles dealt with in section 3450 cannot be forfeited. The guilt of an owner under one law cannot prevent the prosecution of his vehicle under another unless such immunity is created by statute.

The forfeiture proceedings under section 3450 as against the automobile in the Cook case and the truck in the Walton case were both proper, and are sustained by the evidence.