## UNITED STATES v. ONE STUDEBAKER COACH AUTOMOBILE.

Circuit Court of Appeals, Ninth Circuit.
May 20, 1929.

No. 5764.

Samuel W. McNabb, U. S. Atty., and Harry Graham Balter, Asst. U. S. Atty., both of Los Angeles, Cal.

John L. McGonigle and Victor Ford Collins, both of Los Angeles, Cal., for appellee.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts). The appellant contends that the finding of the court below that the possession of the liquor by the driver of the automobile was possession involved in and incidental to transportation is erroneous for the reason that the agreed facts show that at no time while the liquor was in the vehicle was the vehicle in actual motion. Whether the automobile is subject to forfeiture under Revised Statutes, § 3450, or the applicable statute is section 26 of title 2 of the National Prohibition Act is the vital question in the case. Section 26 of title 2 of the National Prohibition Act (27 USCA § 40) provides in substance, first, that when an officer shall discover any person in the act of unlawfully transporting intoxicating liquors in any vehicle he shall seize the liquor; and, second, that in such a case the officer shall take possession of the vehicle and arrest the person in charge, and order the sale of the vehicle if the possession of the liquor is possession in the transportation thereof. In Commercial Credit Co. v. United States, 276 U. S. 226, 48 S. Ct. 232, 72 L. Ed. 541, the question was presented whether the pendency of a prosecution against a person in charge of an automobile for violation of the National Prohibition Act precluded the prosecution of a suit for forfeiture of the vehicle under section 3450. The Supreme Court left that question open but held that after a conviction of the driver the disposition of the automobile as prescribed in section 26, title 2, of the National Prohibition Act became mandatory and precluded resort to proceedings under section 3450. In Port Gardner Investment Co. v. United States, 272 U. S. 564, 47 S. Ct. 165, 71 L. Ed. 412, the court, in answer to questions certified by this court in a case in which an automobile driver had been prosecuted under charges of unlawful possession and transportation and had pleaded guilty to unlawful possession ruled that the driver's conviction on the charge of possession following his arrest required a disposition of the car under the provisions of section 26, and held that said section governs the disposition of the car where the person in charge thereof is convicted of unlawful possession incidental to the transportation, as well as where he is convicted of the unlawful transportation itself, and that the disposition of the car under section 26 became mandatory. In brief, those decisions hold that where, under the prohibition law, an arrest has been made of a driver of an automobile who is engaged in the illegal transportation of intoxicating liquors in the car, the government must proceed under the prohibition law, and forfeiture under section 26 becomes mandatory, and forfeiture under section 3450 is precluded.

As to section 3450, the court in United States v. One Ford Coupé, 272 U. S. 321, 331, 47 S. Ct. 154, 157 (71 L. Ed. 279, 47 A. L. R. 1025), said that it applies to a vehicle, "whether used for removal, deposit, or concealment, and even although the vehicle is not in motion and movement was never contemplated; section 26 applies only to a vehicle used in transporting contrary to law." On page 333 (47 S. Ct. 158), the court said further: "Section 26 commands that, when a person is discovered in the act of transporting, by means of a vehicle, intoxicating liquors in violation of the law, the officer shall take possession of the vehicle, and shall arrest the person in charge thereof; that the person shall be proceeded against for the violation. * * * While the second sentence in section 26 uses the words 'transported or possessed,' the context makes it very plain that the possession intended is possession in transportation. Hence that section is applicable only if a person is discovered in the act of transporting intoxicating liquor in violation of law."

The instant case, it is to be conceded, differs from the cases which were before the Supreme Court in that here the proceeding for forfeiture under section 3450 had been begun and was pending before any steps were taken to prosecute the automobile driver under the prohibition law. Reasons might be suggested why that fact should be deemed an election to proceed under section 3450. But, as we read the decisions of the Supreme Court, the rule announced therein is that by prosecution of the offender for illegal transportation under section 26 the government elects to disregard all rights under section 3450 whether proceedings thereunder have been begun or not, and that the provisions of section 26 plainly require that the proceedings shall as a matter of course be car-

ried forward thereunder to a final decree of forfeiture. Whether a different result would follow if there were an acquittal of the driver of the criminal charge against him under section 26 has been left open by the Supreme Court decisions and is not involved here. The charge against the driver of the automobile here in question was referable to section 3, title 2, of the National Prohibition Act (27 USCA § 12), and it was for possession only, and involved no question of a right to declare the vehicle forfeited. We think it is clear, therefore, that what was done by the prosecution in the present case had not the effect to make mandatory a forfeiture under section 26. In fact no steps were taken by the prosecution under that section and no ground existed for proceeding thereunder, for the driver was not taken in the act of transportation of liquor. His act in placing the package in his automobile may have been done in contemplation of the transportation thereof, and may even be said to have been incidental to transportation but it was not transportation, and would not have supported a charge of illegal transportation. The box was concealed or deposited in the automobile and there it was found and seized, and we think that the vehicle became subject to forfeiture under section 3450. United States v. One Packard Roadster Automobile (D. C.) 29 F.(2d) 424; United States v. Chevrolet Truck (D. C.) 30 F.(2d) 830.

The judgment is reversed, and the cause remanded for further proceedings.