## COMMERCIAL CREDIT CO. v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
June 24, 1929.

No. 5676.

Charles W. Haswell, of San Francisco, Cal. (Martin & Martin, of Boise, Idaho, of counsel), for appellant.

H. E. Ray, U. S. Atty., and Sam S. Griffin and William H. Langroise, Asst. U. S. Attys., all of Boise, Idaho.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

RUDKIN, Circuit Judge. This is an appeal from a judgment forfeiting an automobile under section 3450 of the Revised Statutes (26 USCA § 1181). The case was submitted to the court below on an agreed statement of facts, from which it appeared that on the evening of December 13, 1927, one Smart drove an automobile, containing a five-gallon keg of moonshine whisky, through the streets and into a garage at Boise, Idaho; that two federal prohibition agents, having been advised that Smart would drive the automobile to the garage at the time in question, stationed themselves within a block of the garage, where they could observe all that took place; that as soon as the automobile was driven into the garage, two men drove up in a small car and received from Smart a package of some kind and drove away; that immediately after the two men drove away, the agents went to the garage, arrested Smart, and seized the automobile and moonshine whisky; that Smart was thereafter convicted of the crime of unlawfully possessing the intoxicating liquor found in the automobile; that the appellant was the owner of the automobile, under a conditional contract of sale, and had no notice or knowledge that Smart, the purchaser, intended to use the automobile for the purpose of concealing or transporting intoxicating liquor, or for any other unlawful purpose.

Under the foregoing facts, the sole question presented for decision is: Can the automobile be forfeited under section 3450 of the Revised Statutes, or must it be forfeited under the National Prohibition Act (27 USCA). Section 26 of title 2 of the latter act (27 USCA § 40) provides that when the Commissioner, his assistant, inspectors, or any officer of the law shall discover any person in the act of transporting

in violation of the law, intoxicating liquors in any automobile, or other vehicle, it shall be his duty to seize all intoxicating liquors found therein being transported contrary to law, and that whenever intoxicating liquors transported or possessed illegally shall be seized by an officer he shall take possession of the vehicle and shall arrest any person in charge thereof. It is further provided that upon the conviction of the person so arrested, the court shall order the liquor destroyed, and, unless good cause to the contrary is shown by the owner, shall order a sale by public auction of the property seized. In construing this section in Commercial Credit Co. v. United States, 276 U. S. 226, 48 S. Ct. 232, 72 L. Ed. 541, the court held that section 26 governs the disposition of the automobile where the person in charge of the vehicle is convicted of unlawful possession incidental to transportation, as well as where he is convicted of the unlawful transportation itself; that in such cases the disposition of the vehicle under section 26 becomes mandatory and precludes a resort to a proceeding under section 3450 of the Revised Statutes.

It is settled therefore that the mode of forfeiture depends on whether the driver of the automobile was convicted of unlawful possession of intoxicating liquor incidental to transportation or of unlawful possession disassociated from transportation. The government relies in a measure on United States v. One Studebaker Coach Automobile, 32 F. (2d) 866, decided by this court May 20, 1929, since the decision of this case in the court below. In that case, however, the automobile was seized before transportation commenced, so that there was no transportation at all, and could be no possession incidental to transportation. In this case there was transportation in fact, and the only question is whether that transportation had so far terminated that at the time of seizure the possession of the liquor was not merely incidental to the transportation. It seems to us that the possession was still incidental to the transportation when the seizure was made. While the information the agents had is left largely to inference, it sufficiently appears that the driver of the automobile was discovered by officers of the law in the act of transporting intoxicating liquor in violation of law, and that the automobile and the intoxicating liquor were seized for such violation almost immediately thereafter. Had the officers followed or pursued the automobile transporting the intoxicating liquor, their right to seize it under the national prohibition act would not necessarily terminate as soon as the automo-

bile came to a stop, whether at its destination or elsewhere, and such was practically the situation here. The automobile and the driver were never out of sight of the officers from the time he was discovered in the act of transporting the intoxicating liquor until the search and seizure were made, and the automobile was seized as soon as the officers could conveniently got to it. Under these facts, if there was no law applicable to the case other than section 26 of the National Prohibition Act, the government would experience no difficulty in securing a forfeiture under that section, and the method there prescribed, when applicable, being exclusive of all others, the judgment must be reversed, with directions to dismiss the libel.

It is so ordered.