318

## UNITED STATES v. ONE BUICK COACH AUTOMOBILE et al.

District Court, N. D. Indiana, Ft. Wayne Division. August 3, 1929.

No. 323.

Oliver M. Loomis, U. S. Dist. Atty., and George L. Rulison, Asst. U. S. Dist. Atty., both of South Bend, Ind., for the United States.

O. E. Fuelber, of Ft. Wayne, Ind., for petitioner.

SLICK, District Judge. The government, the plaintiff, brings a libel against a Buick coach automobile and certain quantities of liquor. The information is in two paragraphs. The first is brought under section 3450 and the second under section 3453 of the Revised Statutes of the United States (26 USCA §§ 1181, 1182, 1185).

The General Motors Acceptance Corporation filed a petition to intervene, which was granted. In its answer it sets up facts which show that it is the owner of the legal title to said Buick coach, it having purchased said title from the company which sold it to Russell Cowan, who was found in possession thereof. The facts are as follows:

On February 12th, Cowan sold a gallon of moonshine liquor to two prohibition agents, and at the time of this sale he informed the agents that he could furnish them with larger quantities of liquor on short notice. He was not arrested. The next day the agents ordered by telephone 15 gallons of moonshine liquor, to be delivered at the same place the first sale was made on the previous day, which was in a washroom in the rear of an automobile garage. Within 15 minutes after

ordering the liquor on February 13th, the agents went to this washroom, where they found Cowan with the Buick coach in question and three five-gallon jugs of moonshine liquor, on which no tax, had been paid. Cowan was arrested without a capias or warrant, and the agents took possession of the automobile and the liquor. On March 16th Cowan, accompanied by his attorney, visited the District Attorney's office and informed the assistant district attorney that he (Cowan) was ready to plead guilty to a criminal information. The district attorney informed them that he would prepare such information at once, and did so. The information was in three counts, and charged respectively manufacture, sale, and transportation of liquor on or about February 12, 1929. A plea of guilty was entered to this information, and the criminal case was finally disposed of.

When Cowan pleaded guilty on March 16, 1929, he believed, from information given him by his attorney, that he was pleading guilty to criminal offenses committed on both February 12th and 13th. As he put it, he thought he was cleaning the slate. He has never been proceeded against for any criminal offense since his plea of guilty. Cowan did not know that any tax was due or could be paid the government on this illicitly distilled liquor, and had no intent to defraud the United States of a tax on the same. No liquor was found in the car seized, but the 15 gallons were found at a distance of 4 or 5 feet from the car, on the floor of the garage, and in the room where the car was located. The door of the car next to the liquor was open, the rear cushion was out, the jugs of liquor were in gunny sacks, and bags of the same material were found in the car.

Cowan hauled the liquor in question to the washroom in the Buick automobile seized. He had been at the washroom with the car and liquor 5 or 10 minutes before the prohibition agents arrived. There was one other automobile and some articles of furniture in the room at the time the arrest was made and the car seized. Nothing in the room was seized, except the three jugs of whisky and the car. After the telephone conversation, Cowan took the three jugs of liquor in the car in question to the washroom, where the agents discovered him immediately after he unloaded the liquor from the car.

Intervening petitioner is the owner of the car seized, and had no knowledge whatever, or any cause to believe, that the car was being used to transport or conceal liquor. The washroom and garage were owned and oper-ated by persons not involved in this case, and, so far as the evidence discloses, not associated with Cowan in the liquor business.

## Was Proceeding under National Prohibition Act Mandatory?

The whole atmosphere of this case forces the conclusion that the government is attempting to proceed under an old revenue statute for the very purpose of cutting off the rights of *innocent* lienholders. If proceedings had been instituted under the National Prohibition Act, these rights of innocent lienholders could and would be protected. And why not? The National Prohibition Act (27 USCA § 40) specifically commands that "whenever intoxicating liquors *transported* or *possessed illegally* shall be seized by an officer he *shall* take possession of the vehicle * * * or automobile, * * * and shall arrest any person in charge thereof." The act further provides that proceedings shall be begun at once under the provisions of the Prohibition Act.

It is urged that the evidence justifies the inference that Cowan was found in possession of illicit liquor, and that the automobile seized was intimately connected with this possession and custody. Granted. But what was this intimate connection? Cowan first denied ownership of the liquor and car, and then admitted ownership of both. He admitted bringing the liquor to the garage in the car; he was found standing within a few feet of the car, and between the car and the liquor, under circumstances that convince an unprejudiced mind that the act of transporting the liquor to the garage in the car and of unloading the liquor were one and the same transaction, and his possession of the liquor was incidental to its transportation. In other words, he was caught, discovered, in the very act of transferring the liquor from the car to the garage floor. The door of the car was open; the back cushion was removed; the covering on the containers corresponded with material found in the car. What further proof could be required? And yet the court is asked to find that the liquor was not being transported or possessed illegally at the time of the seizure. If it was not being transported or possessed illegally, what was it seized for? The facts, while not identical with, are quite similar to, those in U. S. v. One Ford Coupé, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025. In that case the automobile in which the liquor was found was standing still when discovered, and in a very able dissenting opinion, written

by Mr. Justice Butler and concurred in by Justices McReynolds and Sutherland, it is said "the facts stated make out transportation."

So the facts in this case make out a case of transportation, and a denial of transportation by Cowan "would not be entitled to respectful attention." In fact, Cowan admitted the transportation at the trial. He also stated that he had no intent to defraud the United States of any revenue tax. He did not know that any tax was due. This evidence is not controverted. If he did not know that a tax was due, how could he intend to defraud with reference thereto? He did not transport, possess, or conceal with intent to defraud the United States of a tax, but with the intent to commit an offense against the National Prohibition Act, with which he was familiar. The argument that the agents did not see the automobile containing the liquor while it was in motion, and therefore did not discover the act of transportation, is extremely technical.

"Discover," according to Webster's New International Dictionary, means to lay open to view; to reveal; to make known of, as of a thing existing already, but not perceived or known; to find out; to ascertain; to espy; to detect. Transportation was revealed to them when they found Cowan with the liquor and automobile under the circumstances heretofore described. They certainly found out and ascertained that Cowan had used and was using the automobile to transport liquor unlawfully. They in very truth espied and detected him in such juxtaposition to the liquor and car that they could infer nothing else than that he transported the liquor in the car.

■ In this connection it is urged that ignorance of the law is no excuse or defense. This is true, except where, as in the case at bar, specific intent is essential to a crime, and ignorance of law negatives the existence of such intent. 16 Corpus Juris, 85. It seems to be the position of the government that, because Cowan did not appear before the collector of customs and admit possession of liquor and pay the tax, he was guilty of a criminal offense, and, if he so appeared and admitted possession of liquor, he ipso facto admitted criminal liability, and was subject to be prosecuted, not only by the government in the federal court, but by the state of Indiana in the state courts (Indiana makes it criminal to possess liquor for any purpose). In other words, because Cowan is a violator of the law, he must give evidence against himself by admitting to one department of the government that he is violating the law, while another department of the government is ready to pounce upon and prosecute him, using his admission against himself. This is entirely foreign to our American idea of criminal jurisprudence.

At the close of the evidence the district attorney stated to the court that the government would rely on the second count of the information of libel, and not on the first count; that is, it was conceded that no case was made on the theory that liquor was concealed in the automobile seized, but it was claimed that this automobile was forfeit under section 3453 Revised Statutes, being section 1185, title 26, USCA, on the theory that it was in a room where untaxed liquor was found. The brief of libelant also states that the proceeding is under section 3453 of the Revenue Statute.

The facts show that the room was a washroom in a garage operated by a third person; one not engaged in the liquor trade, but operating a perfectly legitimate business. Prohibition agents arranged to meet a bootlegger in this garage, and to have liquor brought there and sold and delivered to them, so that they might make a buy and secure evidence in aid of enforcing the National Prohibition Act (27 USCA), all unbeknown to the innocent owner and operator of the garage, who, so far as was disclosed by the evidence, was not present when the bootlegger drove in and unloaded the liquor.

And now in this proceeding the government seeks to confiscate the automobile in question on the ground, not that it was used to conceal, possess, or transport liquor illegally, but on the ground that it and all other articles of personal property in the room of the innocent garage owner, where the liquor was found, were subject to forfeiture under the statute above cited. This argument is as untenable as it is ingenious, and does not aid the court in an honest effort to apply the letter and spirit of the law, in the doing of which mere technicalities should be brushed aside and justice administered. The car was forfeit under the plain mandate of section 26, title 2, the National Prohibition Act (27 USCA § 40), and under that act alone, on the ground that it was used in transporting liquor in violation of that act.

### Autrefois Convict and Election.

■ Has Cowan been in jeopardy for the offense of transportation committed on Febru-

ary 13th, and did the government elect to proceed under the National Prohibition Act?

It should be remembered that the test is not whether Cowan has been tried once for the same act, but whether he has been in jeopardy for the same offense. The inhibition contained in the second clause of the fifth article of the amendments to the Constitution is: "Nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb." This was a maxim of the common law, and was incorporated in the Constitution with full knowledge of the meaning of the words used. At common law these words meant that, where a person had been put upon trial and a verdict of conviction or acquittal returned, on an adequate indictment, he could not be placed in jeopardy a second time for the same particular offense. Wharton's Criminal Law, 147.

Cowan was brought to trial on an information that charged him in separate counts with the unlawful manufacture, sale, and transportation of intoxicating liquor on or about February 12, 1929. The information was filed in the District Court March 16, 1929, and on that day he entered a plea of guilty as to each count and sentence was imposed.

The government attorney urges, and not without authority, that the words "or about" should be treated as surplusage. This is conceded to be the rule, though why it is thought necessary to continue to use them does not appear. However, let it be admitted that Cowan stood charged with transportation on February 12, 1929. He was prosecuted on an information filed March 16th next, charging transportation, pleaded guilty, and received his sentence.

Now suppose that after March 16th the government had filed another information, charging Cowan with transportation on February 13th. Would a plea of former conviction be sustained? If it would, the plea of autrefois convict is good in the case at bar, and the government must be deemed to have elected to proceed under the National Prohibition Act. The statutes provide that two or more acts or transactions of the same class of crimes or offenses may be joined in one indictment, instead of having several indictments, and if two or more indictments be returned in such cases the court may order them consolidated. Title 18, § 557, USCA.

It is undoubtedly the law that, if time is not of the essence of an offense (like selling liquor on Sunday or a legal holiday), the offense may be proved at any time within the statute of limitations, and will usually operate as a bar to subsequent prosecution for this offense at any time prior to filing the information or indictment. Therefore under the information filed March 16th, charging transportation on February 12th, evidence tending to prove transportation at any time prior to March 16th and within the period of the statute of limitations was admissible; and the same can be said concerning an information filed after March 16th, charging transportation on February 13th.

One test is whether the facts alleged in a second indictment would, if given in evidence, have warranted a conviction on the first. If so, the crimes or offenses are assumed to be identical. This test, applied to the case at bar, shows conclusively that the plea is well taken. Goode v. State, 70 Ga. 752; Altenburg v. Com., 126 Pa. 602, 17 A. 799, 4 L. R. A. 543; Morgan v. State, 119 Ga. 964, 47 S. E. 567; Craig v. State, 108 Ga. 776, 33 S. E. 653.

The evidence discloses that the assistant district attorney attempted to make it clear that he was not electing to proceed under the National Prohibition Act, by stating to the attorney for Cowan that he was not so electing when the information was prepared and filed. This may be taken as true, as testified by the assistant district attorney. On the other hand, Cowan testified that he understood that he was pleading guilty to transportation on both February 12th and February 13th. This leaves the matter to be determined by the court on the record only, and the record, as heretofore stated, discloses a situation where the same evidence could have been used to convict on either of the two dates, February 12th or February 13th, and the government must be deemed to have elected, when it filed the information on March 16th, to proceed under the National Prohibition Act.