## UNITED STATES v. ONE PACKARD TRUCK.

### No. 137.

Circuit Court of Appeals, Second Circuit.
Feb. 8, 1932.

CHASE, Circuit Judge, dissenting.

Louis Halle, of New York City (Milton R. Kroopf, of New York City, of counsel), for appellant.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Herbert H. Kellogg and George H. Bragdon, Asst. U. S. Attys., both of Brooklyn, N. Y., of counsel), for the United States.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

The libel alleges that the collector of customs at the port of New York seized the truck in question on September 30, 1929, and is holding the same for forfeiture under Rev. Stat. § 3450 (26 USCA § 1181), because certain bags containing bottles of intoxicating liquors upon which a tax was owing to the United States under section 900 of the Revenue Act of 1926 (26 USCA § 245) had been unlawfully deposited and concealed in said truck with intent to evade payment of such tax and to defraud the United States thereof. John Perry, asserting that he was the owner of said truck, appeared as claimant, and filed his answer. Thereafter he moved to dismiss the libel, and an order granting the motion was reversed by this court in United States v. One Packard Truck, 42 F.(2d) 861. Upon remand the case was tried, resulting in the judgment now appealed from.

From the evidence offered by the United States it appears that three municipal police

officers arrived at a public dock at the foot of Rogers avenue, Inwood, Long Island, about 3 o'clock in the morning of September 30, 1929. There they discovered a boat, which made off as the officers approached, and nine men on the dock, who were apparently engaged in loading burlap bags into the Packard truck already partly filled. Another truck, not here involved, was completely loaded and was standing in front of the Packard truck. Similar bags were lying upon the dock and the smell of alcohol was sensed by the officers. They arrested the nine men and seized the two trucks and their contents. Later investigation disclosed that each burlap bag contained 12 quart bottles or 24 pint bottles of intoxicating liquor fit for beverage use, and neither the bags nor bottles bore any tax-paid stamps. The prisoners and trucks were taken to "the station house," and subsequently the Packard truck was driven to the barge office, where the collector of customs adopted the police officers' seizure. There is no evidence as to what was done thereafter with the prisoners. The claimant rested without introducing evidence, and the court thereupon directed a verdict for the libelant.

■ This appeal raises the interesting question whether under these circumstances a proceeding for forfeiture of the truck may be brought under section 3450, Rev. Stat., or must be taken under section 26 of title 2 of the National Prohibition Act (27 USCA § 40). It seems very clear that the police officers made the arrest and seizure for a violation of the prohibition law committed in their presence. They had smelled alcohol, but had not yet examined the contents of the bags; hence they could not know whether or not a tax had been paid. Had the officers been federal officers, there can scarcely be doubt that it would have been their duty to proceed under section 26, and, if so, forfeiture under section 3450 was excluded. Richbourg Motor Co. v. United States, 281 U. S. 528, 50 S. Ct. 385, 74 L. Ed. 1016, 73 A. L. R. 1081. It is true that the truck was not at the moment in motion, and section 26 deals with the discovery of a person "in the act of transporting in violation of the law, intoxicating liquors in any * * * automobile." Consequently the government argues that the men could not have been convicted of transporting or of unlawful possession incident to transportation. See United States v. One Ford Coupe, 272 U. S. 321, 334, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025. The liquor was in transportation when brought to the dock upon the vessel which escaped, and the temporary deposit of it upon the dock and then

upon the trucks until they should be completely loaded must be deemed but a momentary pause in a continuous transportation to the ultimate destination of the liquor. Cf. Champlain Realty Co. v. Brattleboro, 260 U. S. 366, 43 S. Ct. 146, 67 L. Ed. 309, 25 A. L. R. 1195. Obviously the boat and the trucks met upon the wharf at this early hour by prearrangement. The transportation by water was to be continued by land, and we cannot view the transaction as other than a continuous transportation with a temporary pause for transshipment from one vehicle to another. Should prohibition agents come upon two trucks upon the road when one had broken down and its contents was being transferred to the other, we should not doubt that the driver of the second would be discovered "in the act of transporting," although his truck was stationary at the moment. It would be a different situation from that appearing in United States v. One Studebaker Coach, 32 F.(2d) 866 (C. C. A. 9), where the driver of the automobile drove into a warehouse, inquired for a shipment of merchandise, loaded it into his car, and was seized before the car was started. There it may be plausibly contended that the previous shipment had ceased and the contemplated new transportation had not yet begun. Cf. Commercial Credit Co. v. United States, 33 F. (2d) 228 (C. C. A. 9). Whether we would follow the Ninth circuit in such interpretation of the statute we need not now say. A contrary view was taken in United States v. One Buick Coach, 34 F.(2d) 318 (D. C. N. D. Ind.); and see dissenting opinion of Mr. Justice Butler in United States v. One Ford Coupe, 272 U. S. at page 350, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025. But in any event the case at bar is distinguishable for the reasons already given.

■ In the Richbourg Case the claimants asserted interests as innocent lienors, and the inconsistency between section 3450 and section 26 was found to exist in the fact that the latter section protects the rights of innocent persons while the former section does not. In the present case the claimant did not assert he was innocent nor did he offer any evidence. Conceivably the Richbourg decision might be limited to a situation where a claim of innocent interest was asserted; forfeiture being allowable under either law as against an owner who did not allege and prove his innocence. Such a view would be subject to the practical objection of leaving uncertain until the conclusion of the trial which law was applicable. Moreover, section 26 seems to make it the duty of the arresting officers

884

to proceed as directed in that section regardless of whether innocent persons are interested in the seized vehicle. We read the Supreme Court's opinions as laying down the rule that the arrest of a person discovered in the act of transportation requires proceedings for forfeiture to be taken under section 26, even as against an owner who participated in the illegal transportation with full knowledge.

■ Finally we must consider whether the rule of the Richbourg Case is applicable when the arrest and seizure is made by a municipal officer and the seizure alone (so far as appears) is adopted by the government. In Gambino v. United States, 275 U. S. 310, 48 S. Ct. 137, 72 L. Ed. 293, 52 A. L. R. 1381, it was held that the term "any officer of the law" as used in section 26 refers only to federal officers. Nevertheless a state officer may lawfully arrest for a violation of the Prohibition Act, Marsh v. United States, 29 F.(2d) 172 (C. C. A. 2), certiorari denied, 279 U. S. 849, 49 S. Ct. 346, 73 L. Ed. 992; and his seizure of the vehicle used in transportation may be adopted by the government. Dodge v. United States, 272 U. S. 530, 47 S. Ct. 191, 71 L. Ed. 392. There it appeared that the man in charge of the vessel sought to be forfeited had been arrested by the state officer who seized the boat and had subsequently been arrested by federal officers and was convicted of transportation of the liquor found on the boat. Forfeiture was allowed under section 26. Hence there can be no doubt that if the present record disclosed that the municipal officers had turned over to the federal authorities the men who were arrested upon the dock, it would have been the duty of the federal officers to arrest them, prosecute them, and proceed under section 26 for forfeiture of the truck. The record discloses nothing, but its silence may be aided by the presumption that the municipal officers did their duty. Since the men were arrested for violation of the Prohibition Act and there was no state offense for which they could be held, it was clearly the officers' duty to hand them over to the federal authorities. See Gambino v. United States, 275 U. S. 310, 315, 48 S. Ct. 137, 72 L. Ed. 293, 52 A. L. R. 1381; Marsh v. United States, 29 F.(2d) 172 (C. C. A. 2). If in fact they failed to do so, with the result that the government could not proceed as directed by section 26, this fact should have been proved by the libelant upon whom rests the burden of establishing the right to forfeiture. In The K–1231, 54 F.(2d) 502, decided December 14, 1931, the inability of the federal officers to arrest the person in charge of the vessel was clearly shown. Under such circumstances we permitted forfeiture under the navigation and customs laws. In the absence of such proof and where the record requires the inference that the men in charge of the truck could have been arrested by federal officers, we must hold that forfeiture cannot be had under section 3450. There was no proof to support forfeiture under section 26, because it was not shown that the men had been convicted of transporting or possessing in transportation.

Accordingly the judgment must be reversed, and the cause remanded. Unless the libel can be amended to allege a ground for forfeiture in accordance with section 26, it will have to be dismissed.

Judgment reversed.

CHASE, Circuit Judge, dissents.