## THE SEBASTOPOL.*
## THE RUTH MILDRED.†
### Nos. 279, 280.

Circuit Court of Appeals, Second Circuit.
March 2, 1932.

George Z. Medalie, U. S. Atty., of New York City (Arthur H. Schwartz, Asst. U. S. Atty., of New York City, and Arthur W. Henderson, Sp. Asst. Atty. Gen., of counsel), for the United States.

Louis Halle and Milton R. Kroopf, both of New York City, for appellees.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

These appeals have been argued together and may be disposed of in a single opinion, although, as will appear, somewhat different considerations are involved and have led us to different results in the two suits. The general problem presented is whether a vessel which is discovered in the illegal transportation of liquor within territorial waters must be proceeded against under section 26 of title 2 of the National Prohibition Act (27

*Decree affirmed in part, see 52 S. Ct. 473. † Decree reversed in part, see 52 S. Ct. 474.

USCA § 40) rather than for a violation of the customs or navigation laws.

The libel against the Sebastopol sought to enforce against her, pursuant to section 594 of the Tariff Act of 1922 (19 USCA § 498), penalties incurred by her master under section 584 of said act (19 USCA § 486), by reason of false manifesting of the cargo. Within territorial waters she was stopped and boarded by a Coast Guard officer who, upon discovery that her cargo was falsely manifested, arrested the master and seized the vessel. The unmanifested cargo consisted of 4,841 cases of Scotch whisky. Following seizure of the vessel, the Coast Guard officer signed a complaint charging the master and crew with conspiracy to violate the National Prohibition Act as well as the Tariff Act of 1922. Nothing appears as to the ultimate disposition of this complaint. These facts, the claimant contended, disclosed that the vessel was engaged in the illegal transportation of liquor and required the government to proceed against her in accordance with section 26 of title 2 of the National Prohibition Act (27 USCA § 40) instead of under the Tariff Act. The District Court so held, dismissing the complaint.

 That the seizure was not made by a prohibition officer would not preclude the government from proceeding under section 26. Dodge v. United States, 272 U. S. 530, 47 S. Ct. 191, 71 L. Ed. 392; Commercial Credit Co. v. United States, 276 U. S. 226, 48 S. Ct. 232, 72 L. Ed. 541. That section preserves the rights of innocent owners or lienors; while forfeiture under the Tariff Act proceeds without regard to innocent interests. It is true that executive clemency may remit the forfeiture in favor of innocent persons (Tariff Act 1922, §§ 613, 618 [19 USCA §§ 520, 532]), but mitigation by grace is not the equivalent of statutory immunity from forfeiture. The two procedures are therefore in direct conflict when applied to the forfeiture of a vessel seized within territorial waters while transporting unmanifested liquor; and the Prohibition Act, were it the later enactment, would prevail, as the Supreme Court held it did with respect to Revised States, § 3450 (26 USCA §§ 1181, 1182). Richbourg Motor Co. v. United States, 281 U. S. 528, 50 S. Ct. 385, 74 L. Ed. 1016, 73 A. L. R. 1081. But it is to be observed that the particular sections of the Tariff Act under which the libel against the Sebastopol was framed do not declare a forfeiture of the vessel; they merely impose a lien upon her for the payment of penalties incurred by the master.

It may well be argued that a proceeding to enforce a lien under the Tariff Act is not in direct conflict with the proceeding to forfeit the vessel contemplated by section 26. Only by accident is it true in the case at bar that the penalty incurred is so great as to exhaust the entire value of the vessel and result in her forfeiture. The two statutes are to be read so that both may stand, if possible, and we are disposed to say that no direct conflict appears when only the lien of a penalty is being enforced.

 But, if there be a direct conflict, the Tariff Act must prevail over section 26. It is the later enactment, and contains in section 644 (42 Stat. 990) an express repeal of "all laws and parts of laws inconsistent with the provisions of this Act." In reaching this conclusion we are not unmindful of the canon of construction that an earlier specific statute may be considered an exception to a later general statute broad enough in terms to include the subject-matter of the former; but we do not think it applicable here, because the Tariff Act itself deals specifically with the importation of liquors in violation of the customs. Paragraph 813 of Schedule 8 of section 1 (19 USCA § 121, par. 813) reads as follows:

"No wines, spirits, or other liquors or articles provided for in this schedule containing one-half of 1 per centum or more of alcohol shall be imported or permitted entry except on a permit issued therefor by the Commissioner of Internal Revenue, and any such wines, spirits, or other liquors or articles imported or brought into the United States without a permit shall be seized and forfeited in the same manner as for other violations of the customs laws."

 The forfeiture thus directed is provided for in section 584 (19 USCA § 486), which declares, among other things, that unmanifested merchandise (which by section 401 [19 USCA § 231] includes merchandise the importation of which is forbidden), consigned to the master, shall be subject to forfeiture. Under the doctrine of The Mistinguette, 27 F.(2d) 738 (C. C. A. 2), the liquor on the Sebastopol was consigned to her master. It was therefore forfeitable under section 584, and it seems clear that the other provisions of this section which impose a penalty upon the master equal to the value of the unmanifested cargo are likewise applicable, although the cargo be liquor. Similarly, as to the ancillary section 594 which subjects the vessel to a lien for the penalties incurred by the master. Therefore, notwithstanding

the above-mentioned canon of interpretation and despite the statement in paragraph 801 of the schedule that nothing in this schedule shall be construed as limiting or restricting the provisions of the National Prohibition Act, we cannot interpret sections 584 and 594 otherwise than as applying specifically to an unmanifested cargo of intoxicating liquor and as superseding pro tanto the earlier enacted section 26, if a conflict exists. Consequently the libel brought against the Sebastopol was erroneously dismissed.

■ Different considerations are applicable to the schooner Ruth Mildred. She was licensed to engage in the fisheries, and was charged with violating her license by engaging in the illicit liquor trade. Forfeiture was sought under Revised Statutes, § 4377 (46 USCA § 325). Violation of her license results under this statute in forfeiture of the vessel without regard to the innocence of her owner. This section antedates the National Prohibition Act, and is therefore superseded by section 26 of title 2 so far as the two statutes are in direct conflict. As already noted with respect to the Tariff Act, the possibility of executive clemency under the provisions of Revised Statutes, § 5294 (18 USCA § 642), will not avoid the conflict. Dismissal of the libel against the Ruth Mildred was therefore right, provided she was seized under circumstances which rendered section 26 applicable.

The schooner was trailed by a Coast Guard vessel from a point in Long Island Sound until she tied up at a dock in New York Harbor. The crew and master then left her, but a few minutes later the master returned, and, on being informed that the Coast Guard vessel was going to stand by until the schooner's cargo was unloaded, he confessed that most of his cargo was liquor. Thereupon he was placed under arrest, the boat was seized, and a complaint filed, charging the master with conspiracy to violate the National Prohibition Act and the Tariff Act of 1922. Nothing further is disclosed regarding this proceeding.

■ Section 26 directs that, when a person is discovered in the act of illegally transporting liquors in any water craft, the officer of the law shall seize the liquors "therein being transported contrary to law" and shall take possession of the boat. When the schooner and her cargo were seized she had come to rest at the wharf, and it may be argued with some plausibility that the transportation was over so that section 26 no longer applied. United States v. One Buick Automobile, 33 F.(2d) 353 (D. C. S. D. Ga.). Cf. (before transportation began) United States v. One Ford Coupe Automobile, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025; United States v. One Studebaker Coach Automobile, 32 F.(2d) 866 (C. C. A. 9). But we do not think the section should receive so technical a construction. Here the master was discovered in the act of transportation, although knowledge of the nature of his cargo was not obtained until his subsequent confession. In our opinion his possession of the liquor continued to be a possession incident to transportation, and the facts were sufficient to satisfy the condition precedent to making a seizure under section 26. See Commercial Credit Co. v. United States, 33 F.(2d) 228 (C. C. A. 9); United States v. One Chevrolet Automobile, 21 F.(2d) 477 (D. C. Ala.), affirmed as United States v. General Motors Acceptance Corp., 25 F.(2d) 238 (C. C. A. 5); United States v. One Buick Coach Automobile, 34 F.(2d) 318 (D. C. N. D. Ind.). Accordingly, we affirm the decree dismissing the libel as to the Ruth Mildred.

The problem presented by these appeals has been the subject of considerable diversity of opinion in the various circuits. An authoritative decision may soon be expected, as the Ninth circuit has certified a similar question to the Supreme Court. Gen. Motors Acceptance Corp. v. United States, Nov. 23, 1931. Pending this decision any elaborate consideration of the authorities seems unnecessary. It will suffice merely to cite a few of them. As tending to favor the contentions of the appellant, see The Pilot, 43 F.(2d) 491 (C. C. A. 4); United States v. One Reo Coupe Automobile, 46 F.(2d) 815 (D. C. Mass.); The Daisy T, 48 F.(2d) 370 (D. C. Del.). Contra, Colon v. Hanlon, 50 F.(2d) 353 (C. C. A. 1); Commercial Credit Co. v. United States, 53 F.(2d) 977 (C. C. A. 5); United States v. One Studebaker Automobile, 45 F.(2d) 430 (D. C. Ariz.).

Decree in No. 279 reversed, and decree in No. 280 affirmed.