## THE CZECHO–SLOVAKIA.

## THE BUTTERCUP.

### FABRE et al. v. UNITED STATES.

### MELANCON et al. v. SAME.

#### Nos. 6402–6404.

Circuit Court of Appeals, Fifth Circuit.
May 19, 1932.

In cases No. 6402, 6403:
Edwin H. Grace, of New Orleans, La., for appellants.

Edmond E. Talbot, U. S. Atty., and P. M. Flanagan and Wm. H. Norman, Asst. U. S. Attys., all of New Orleans, La.

In case No. 6404:
Edwin H. Grace, of New Orleans, La., for appellants.

W. Sommer Benedict and Wm. H. Norman, Asst. U. S. Attys., both of New Orleans, La.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

FOSTER, Circuit Judge.

These three cases involved the same questions, and may be disposed of in one opinion. The undisputed facts may be briefly stated.

The gasoline boat Czecho-Slovakia was discovered by prohibition officers on March 18, 1931, moored at a landing in a canal running through Lake Verret. She had on board a quantity of intoxicating liquor, some in the hold and some on deck. At the landing were six automobile trucks. About thirty-five men were engaged in transferring the liquor from the vessel to the trucks. Seventeen of the men were arrested. The others escaped. In each truck was some quantity of intoxicating liquor.

The gasoline boat Buttercup was discovered by prohibition officers on March 21, 1931, while moored at a landing on Bayou Fouche. She had a quantity of intoxicating liquor on deck. There were four men on board, one of whom was arrested; the others escaping.

Both vessels were on inland waters of Louisiana. None of the bottles of liquor found on them or in the trucks had United States internal revenue stamps. The labels of part of the cargo on each vessel indicated foreign origin. The vessels, the trucks, and the liquor

were seized by the prohibition officers. The men arrested were charged before a United States commissioner with smuggling, in violation of the customs laws, and possession and transportation, in violation of the National Prohibition Law. It was not shown that the charge of transportation was based on the use of either vessel or any particular truck.

Separate libels in rem, with pertinent allegations, were filed by the United States against the vessels and the trucks for forfeiture under the provisions of section 3450 Rev. St. (26 USCA §§ 1181, 1182). The vessels were claimed by Howard Fabre as owner. The trucks were claimed by Uriel Melancon and O. Gro, as custodians and bailees. Pleas of not guilty were filed to each libel. No evidence was offered on behalf of the claimants. There was no evidence to connect the claimants with the illegal transactions.

After hearings, a decree was entered in each case, forfeiting the vessels and automobiles respectively to the United States and ordering them sold. The appeal in No. 6402 is from the decree condemning the Czecho-Slovakia; in No. 6403 from a decree condemning the Buttercup. In No. 6404, the libels against the six trucks were consolidated for trial. The appeal is from those decrees.

It is contended by appellants that the bringing in of the liquor on the boats, the unloading of the vessels, the loading of the trucks, with the evident intention to carry it further, constituted a continuous act of transportation, in which the unloading of the vessels and the loading of the trucks were incidents and part; that persons having been discovered on the Buttercup and Czecho-Slovakia and engaged in transferring the liquor and depositing it in the trucks, they were discovered in the act of transporting the liquor; that the duty was mandatory to proceed for forfeiture under the provisions of section 26 of title 2 of the National Prohibition Act (27 USCA § 40) and section 3450, R. S., could not be invoked. Reliance is had upon the case of United States v. One Packard Truck (C. C. A.) 55 F.(2d) 882, which undoubtedly supports the contention.

■ Considering that the facts shown would support the conclusion that the liquor had been unlawfully imported and transportation had not ended, appellants could derive no comfort from a reversal. See General Motors Acceptance Corp. v. U. S., 52 S. Ct. 468, 76 L. Ed. ——, and United States v. Commercial Credit Co., Inc., 52 S. Ct. 467, 76 L. Ed. ——, decided by the Supreme Court May 2, 1932. There is neither logic nor justice in the exist-

ence of two statutes under which the rights of innocent persons are preserved or forfeited at the whim of the District Attorney in drawing his pleadings, but the remedy is with Congress. We must endeavor to follow the rulings of the Supreme Court, disregarding persuasive decisions of other courts.

Section 3450, Revised Statutes (26 USCA § 1181), authorizes the seizure and condemnation of any vessel or vehicle in which liquor is deposited or concealed with intent to defraud the United States of the tax thereon regardless of the rights of innocent owners or lienors.

Section 26 of title 2 of the National Prohibition Act (27 USCA § 40) provides that, when any person is discovered by a prohibition officer in the act of illegally transporting liquor in any watercraft or automobile, it shall be seized and condemned, but the rights of innocent owners and lienors are preserved.

■ The apparent conflict between the statutes has been reconciled by the Supreme Court, at least for the present. Where the facts bring the case clearly within the provisions of section 26, i. e., some one has been discovered by a prohibition officer in the act of illegal transportation in a particular vessel or vehicle, its seizure and condemnation may not be under the provisions of section 3450, Rev. St. Richbourg Motor Co. v. U. S., 281 U. S. 528, 50 S. Ct. 385, 47 L. Ed. 1016, 73 A. L. R. 1081. On the other hand, if a vessel or vehicle has been used for the deposit or concealment of liquor, with intent to defraud the United States of the tax thereon, and the facts do not also bring the case within the provisions of section 26, condemnation may proceed under the provisions of section 3450, Rev. St. United States v. One Ford Coupé, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025.

■ There is no doubt that the liquor was subject to taxes under the provisions of section 900, Revenue Act of 1926 (26 USCA § 245) and this is not seriously disputed. The absence of internal revenue stamps made a prima facie showing that the tax had not been paid. The evidence was also sufficient to make a prima facie showing that it was deposited and concealed in the vessels and trucks with intent to defraud the United States of the tax thereon. It was not necessary to prove the offense beyond reasonable doubt. A prima facie showing was sufficient, in the absence of countervailing evidence. Two Certain Ford Coupe Automobiles v. U. S. (C. C. A.) 53 F.(2d) 187.

Conceding, for the sake of argument, that the bringing in of the liquor, the unloading on the landing, and the subsequent deposit in the trucks were incidents of a continuous transportation, nevertheless they were separate and distinct links. To show that certain persons were engaged in transferring the liquor from the vessels to the trucks, a separate act of transportation, would not be enough. To bring the case within the beneficial provisions of section 26, it was necessary to show that some one had been discovered by the prohibition officers in the act of transportation in the particular vessels and automobiles seized. As to the vessels, the act of transportation had ceased. In respect of the trucks, it had not yet begun. Further, there was nothing to show that any of the persons discovered or arrested was in charge of either vessel or had participated in its navigation and movement to the place where discovered. For all the facts disclosed, the liquor might have been brought to the place where found and then put upon vessels without their movement at all. Nor was there anything to show that any of the persons discovered or arrested was, the driver of any of the automobiles or had charge of any of them or intended to move them away after loading. It is doubtful that any of those arrested could be convicted of illegal transportation on the facts disclosed. The mere fact that they were charged with transportation is immaterial.

We think all the cases come clearly within the ruling in United States v. One Ford Coupé, supra.

The record presents no reversible error.

Affirmed.