UNITED STATES v. ONE CHEVROLET TRUCK.

No. 2809.

District Court, E. D. New York.

Nov. 29, 1932.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Emanuel Bublick, Asst. U. S.

Atty., of Brooklyn, N. Y., of counsel), for libelant.

Joseph B. Quinlan, of Brooklyn, N. Y., for claimant.

GALSTON, District Judge.

This case is submitted on an agreed statement of facts. The libel prays for forfeiture of the vehicle pursuant to section 3450 of the Revised Statutes (26 U. S. C. §§ 1181 and 1182 [26 USCA §§ 1181, 1182]).

On August 17, 1931, at or about 11 o'clock at night, a still located in the cellar of a one-story brick garage at 1437 Eastern Parkway, Brooklyn, N. Y., exploded. That same night, at 1:30 a. m., a police officer seized the Chevrolet truck, which is sought to be forfeited herein. The truck was parked immediately in front of the garage. It was found to contain sixty-five full 5-gallon cans of alcohol and ten 50-gallon empty drums. At the time of the seizure of the truck by the police officer, the truck was unattended. No arrest was made either in connection with the truck or the maintenance of the still.

At the time of the seizure, and ever since, the Colonial Discount Company was the owner of a valid chattel mortgage covering the truck. The mortgagor defaulted in the payment which was due on March 12, 1931, and, under the provisions of the chattel mortgage, the balance of $309 became due and payable to the Colonial Discount Company; and the Discount Company also became entitled to possession of the truck from the mortgagor. It is conceded that the Discount Company is a bona fide lienor, and had no knowledge or suspicion at any time that the automobile would be used in violation of any law.

The question presented is whether, at the time of the seizure, the Chevrolet truck was engaged in the act of transporting intoxicating liquor in violation of the National Prohibition Act within the meaning of section 26 of title 2 thereof (27 USCA § 40). The libelant stipulated that, if that issue is answered in the affirmative, judgment should be rendered for the claimant. On the other hand, the claimant concedes that, if the issue

be determined in the negative, judgment should be rendered for the libelant.

Of the recent cases in this circuit relating to the question at issue, it was said in United States v. One Packard Truck (C. C. A.) 55 F.(2d) 882, 883: "It would be a different situation from that appearing in United States v. One Studebaker Coach [automobile], 32 F.(2d) 866 (C. C. A. 9), where the driver of the automobile drove into a warehouse, inquired for a shipment of merchandise, loaded it into his car, and was seized before the car was started. There it may be plausibly contended that the previous shipment had ceased and the contemplated new transportation had not yet begun. Cf. Commercial Credit Co. v. United States, 33 F.(2d) 228 (C. C. A. 9)."

In the facts stipulated, the most that can be spelled out is that somebody placed the alcohol in the truck with the intention of transporting the liquor; on the other hand, it may be argued that the explosion of the still made it necessary to remove the alcohol from its proximity, and that the truck was an available temporary storage place. But it is not necessary to indulge in any such presumption, for here there was no driver of the truck in charge, nor, indeed, any person in charge. There was no arrest made. The operation of section 26 of title 2 of the National Prohibition Act did, therefore, not become mandatory. At the time of the seizure, I think, it cannot be held that the vehicle was in the act of transporting intoxicating liquors in violation of section 26 of title 2 of the National Prohibition Act. See United States v. One Ford Coupe Automobile, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025; United States v. One Studebaker Coach Automobile (C. C. A.) 32 F.(2d) 866; Commercial Credit Co. v. United States (C. C. A.) 33 F.(2d) 228; Commercial Credit Co. v. United States, 276 U. S. 227, 48 S. Ct. 232, 72 L. Ed. 541, and United States v. American Motor Boat K–1231 (C. C. A.) 54 F.(2d) 502.

The libelant is therefore entitled to a decree of forfeiture. Settle decree on notice.