## UNITED STATES v. ONE INTERNATIONAL TRUCK, etc.

District Court, E. D. New York.
June 15, 1933.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Emanuel Bublick, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Louis Halle, of New York City, for defendant.

MOSCOWITZ, District Judge.

This case has been submitted upon stipulated facts; the libelant and claimant having waived a jury trial. The amended libel herein asserts two causes of action. The claimant has conceded in the aforesaid stipulation the forfeiture of the liquor and containers which are the subject of the second cause of action.

The first cause of action brought under section 26 of title 2 of the National Prohibition Act (27 USCA § 40) prays for a decree finding that the libelant was entitled to the condemnation and forfeiture of one International truck, license No. 448506, motor No. 301148, serial No. 200830, at the time of its release on bond, and further prays that a decree be entered herein in favor of the libelant against the claimant in the sum of $1,000, the agreed value of the aforesaid truck.

The claimant herein filed an answer to the original libel, and pursuant to order of this court procured the release of the truck by filing a bond and stipulation for value whereby the claimant agreed that the truck was of the value of $1,000, and agreed to pay a money decree in favor of the libelant for the stipulated value in lieu of the forfeiture of the truck.

The bond and stipulation for value provided as follows:

"And, it is a further condition that this bond for value takes the place of the vehicle for all purposes.

"And, it is also a further condition that this bond for value shall remain in full force and effect as to any and all amendments that may be made to the original libel now on file in this Court."

Subsequently by stipulation herein the libelant amended the libel seeking forfeiture of the truck under section 26 of title 2 of the National Prohibition Act (27 USCA § 40).

The claimant urges that the libelant, if successful, is entitled only to the value of the vehicle at the present time (if the vehicle is still in existence), or to a decree affording the claimant an opportunity to surrender the vehicle on the theory that the cause of action now asserted under section 26 of title 2 of the National Prohibition Act is not an amended cause of action, but a complete change of cause of action which excuses the obligor on the stipulation for value from any performance of the condition of the bond by reason of the change of risk unsubscribed to by him.

This contention is untenable. The claimant and surety agreed to the filing of the bond to procure the surrender of the vehicle. The libelant upon acceptance of the bond surrendered its claim to the vehicle and has in its place the bond and stipulation for value reciting that the value of the vehicle is to take the place of the vehicle for all purposes. The provision that "the bond for value remain in full force and effect as to any and all amendments that may be made to the original libel now on file in this Court" clearly shows that the parties included the addition or change of cause of action within the term "amendment," and that such a change was contemplated in the clause reciting that the bond was to take the place of the vehicle for all purposes. If the libelant is successful, it is therefore entitled to a decree in accordance with the terms of the bond and stipulation for value.

Passing to the merits of the case, the stipulated facts briefly are as follows: At 2:10 a. m. on the 27th day of March, 1931, a police officer of the city of New York noticed several large trucks on the street at the foot of Elizabeth avenue, Arverne, Long Island,

alongside the gate to the yard of the Valvoline Oil Company. The foot of Elizabeth avenue where the Valvoline Oil Company is located is on the water front; the company having its dock fronting directly on the water, namely, Jamaica Bay.

The officer investigated the three trucks on Elizabeth avenue and found nothing on them, but, while examining them, he heard a commotion in the yard of the Valvoline Oil Company. Looking through the gate, the officer noticed a large truck. He climbed over the gate into the yard and immediately upon entering he noticed several men running away from the dock which was about 40 or 50 feet from the gate. The officer ran over to the truck and found two men in front of it and detained them. He flashed his light on the truck, and in the back of the truck, the door of which was down, he saw burlap bags labeled "Lucky Boy." These burlap bags were of such a nature that he believed from his previous experience that they contained whisky bottles. He opened one of the bags, tasted and smelled the contents of one of the bottles, and found the same to be Rye whisky. He then looked about in the yard and on the dock and found scattered thereon 351 cases and bags of whisky and 64 kegs of whisky. The truck, which is the subject of this action, contained 200 bags of whisky. The two men whom the officer had detained were John Burke and Joseph Russo. They were taken to the police station, and, when questioned by the police officer as to what they were doing, the defendants answered that they were loading the truck. In addition to placing the defendants under arrest, the officer took possession of the liquor on the truck and the liquor on the dock and the truck itself. The truck was driven to the police station by an officer.

Burke and Russo were charged with possession of whisky; a trial was had against both defendants resulting in a disagreement. Subsequently the government dismissed the charge against the defendant Burke, and the defendant Russo pleaded guilty to the information.

It is apparent that the liquor was transported to the dock by water, and the truck obviously was there at this early hour by pre-arrangement. It is true that the truck was not at the moment in motion, and section 26 deals with the discovery of a person "in the act of transporting in violation of the law, intoxicating liquors in * * * any automobile," yet the conclusion is inescapable that the liquor was in transportation when ly-

ing on the dock, and its temporary deposit thereon until it was loaded onto the truck was but a momentary pause in a continuous transportation to the ultimate destination of the liquor. U. S. v. One Packard Truck (C. C. A. 2) 55 F. (2d) 882.

While it is true that the defendant Russo pleaded guilty to possession only and not to transportation, this plea, viewed in the light of the evidence, shows that his unlawful possession was not a separate possession antecedent to and independent of the transportation, but was a possession involved in and incidental to the transportation itself.

The libelant therefore is entitled to a decree in accordance with the terms of the bond and stipulation for value. Settle findings and decree on notice.